B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
## Northern District of Illinois

| | | |
|---|---|---|
| In re   **Barbara K. RIFKEN** | Case No. | **12-B-45634** |
| Debtor | Chapter | **13** |

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 170,000.00 | | |
| B - Personal Property | Yes | 5 | 67,113.00 | | |
| C - Property Claimed as Exempt | Yes | 3 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 237,716.21 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 3 | | 7,380.21 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 9 | | 63,000.65 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 5 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 5,516.20 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 8,646.96 |
| Total Number of Sheets of ALL Schedules | | 32 | | | |
| Total Assets | | | 237,113.00 | | |
| Total Liabilities | | | | 308,097.07 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re **Barbara K. RIFKEN**
_____,
Debtor

Case No. **12-B-45634**

Chapter **13**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 2,000.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 5,380.21 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 7,380.21 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 5,516.20 |
| Average Expenses (from Schedule J, Line 18) | 8,646.96 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 7,001.68 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 64,561.21 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 2,000.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 5,380.21 |
| 4. Total from Schedule F | 63,000.65 | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 132,942.07 |

B6A (Official Form 6A) (12/07)

.

In re    **Barbara K. RIFKEN**                                    ,    Case No.    **12-B-45634**
                                               Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Homestead exhibiting substantial deferred maintenance resulting from hospice care and divorce - Commonly known as: 5412 Alexandria Lane, Carpentersville IL 60110** | **Fee simple** | - | **170,000.00** | **232,336.00** |

|  |  | Sub-Total > | **170,000.00** | (Total of this page) |
|  |  | Total > | **170,000.00** |  |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re   **Barbara K. RIFKEN**                                         ,         Case No.   **12-B-45634**
                                         Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Household petty cash**<br>**Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | 100.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking No. xxxx-5176**<br>**TCF**<br>**1589 North Rand Road Branch in Palatine, IL  60067** | - | 45.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Sectional, coffee table & TV (all 9 yrs. old)**<br>**Location:**<br>**Family room**<br>**5412 Alexandria Lane, Carpentersville IL 60110** | - | 250.00 |
| | | **Master bedroom:**<br>**Night stands, dresser, king mattress and foundation (20 yrs.)**<br>**Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | 400.00 |
| | | **Living room: couch, 2 arm chairs, coffee table, 2 lamps**<br>**Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | 300.00 |
| | | **Garage:**<br>**Gas push mower, snow-thrower (9 years).**<br>**Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | 400.00 |
| | | **Unfinished basement:**<br>**Hockey table, unmoveable**<br>**Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | 50.00 |

Sub-Total >        1,545.00
(Total of this page)

__4__   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Barbara K. RIFKEN**                                    ,    Case No.    **12-B-45634**
_____
Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Debtor's own hobby art** **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | 10.00 |
| 6. Wearing apparel. | | **Lady's wardrobe:** **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | 750.00 |
| 7. Furs and jewelry. | | **Diamond wedding set:** **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | 1,200.00 |
| | | **Two-tone Lady Rolex** **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | 2,100.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Easel & canvasses** **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | 250.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **$ 200 K Term life insurance with Colonial Life** **PO Box 1365** **Columbia, SC 29202** | - | 0.00 |
| | | **Term Life Insurance (About $120 K) with:** **Prudential Insurance CO. of America** **751 Broad Street** **Newark, NJ 07102** | - | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **457 Deferred Compensation ($ 63.7 K deferred) Plan ICMA** **(valued based upon unpaid tax liability)** **777 N. Capitol Street, NE** **Washington, D.C.  20002** | - | 50,993.00 |

Sub-Total >           55,303.00
(Total of this page)

Sheet __1__ of __4__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Barbara K. RIFKEN**                                              ,    Case No.    **12-B-45634**
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **State University Retirement System Retirement Plan**<br>**1901 Fox Drive**<br>**Champaign, IL 61820** | - | 350.00 |
| | | **Illinois Retirement Municipal Fund**<br>**2211 York Road, Ste. 500**<br>**Oak Brook, IL  60523** | - | Unknown |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Anticipated 2010 federal tax refund (In debtor)**<br>**Location: 5412 Alexandria Lane, Carpentersville IL 60110** | W | 4,260.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Potential claim against Michelle Rifken and Joel Rifken**<br>**based upon dissipation of marital assets**<br>**(In Debtor)**<br>**Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | Unknown |

Sub-Total >        **4,610.00**
(Total of this page)

Sheet   **2**   of   **4**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Barbara K. RIFKEN**                                                    ,    Case No.    **12-B-45634**
                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Potential claim against Joel Riken for dissipation/waste of marital credit (In debtor) Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | **Unknown** |
| | | **Potential claim against Susan Rifken, Michelle Rifken, Joel Rifken Christine Adelman, Sandra Palmer, John Juergensmeyer, Scott Larson for combined responsibility with respect to waste of marital assets and estate (In Debtor) Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | **Unknown** |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2004 Hyundai, About 132 K miles with deferred maintenance (needs brakes, windshield, body restoration, etc.) Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | **2,200.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Personal laptop Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | **250.00** |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |

Sub-Total >    **2,450.00**
(Total of this page)

Sheet   **3**   of   **4**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re     **Barbara K. RIFKEN**                                                                ,     Case No.     **12-B-45634**
                                             Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 30.  Inventory. | X | | | |
| 31.  Animals. | | **Spade collie mix female dog, 10 yrs.** **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | - | 50.00 |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | | **Escrow account with first mortgage lender:** **Chase Home Finance** **PO Box 24696** **Columbus, OH 43224** | - | 3,155.00 |

|  | Sub-Total > | **3,205.00** |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | **67,113.00** |

Sheet   __4__   of   __4__   continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

.

In re   **Barbara K. RIFKEN**                                    ,   Case No.   **12-B-45634**
Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter
with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(2)
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| **Household petty cash** | **11 U.S.C. § 522(d)(5)** | **100.00** | **100.00** |
| **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking No. xxxx-5176 TCF 1589 North Rand Road Branch in Palatine, IL 60067** | **11 U.S.C. § 522(d)(5)** | **45.00** | **45.00** |
| **Household Goods and Furnishings** | | | |
| **Sectional, coffee table & TV (all 9 yrs. old) Location: Family room 5412 Alexandria Lane, Carpentersville IL 60110** | **11 U.S.C. § 522(d)(3)** | **250.00** | **250.00** |
| **Master bedroom: Night stands, dresser, king mattress and foundation (20 yrs.) Location: 5412 Alexandria Lane, Carpentersville IL 60110** | **11 U.S.C. § 522(d)(3)** | **400.00** | **400.00** |
| **Living room: couch, 2 arm chairs, coffee table, 2 lamps Location: 5412 Alexandria Lane, Carpentersville IL 60110** | **11 U.S.C. § 522(d)(3)** | **300.00** | **300.00** |
| **Garage: Gas push mower, snow-thrower (9 years). Location: 5412 Alexandria Lane, Carpentersville IL 60110** | **11 U.S.C. § 522(d)(3)** | **400.00** | **400.00** |
| **Unfinished basement: Hockey table, unmoveable Location: 5412 Alexandria Lane, Carpentersville IL 60110** | **11 U.S.C. § 522(d)(3)** | **50.00** | **50.00** |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **Debtor's own hobby art Location: 5412 Alexandria Lane, Carpentersville IL 60110** | **11 U.S.C. § 522(d)(3)** | **10.00** | **10.00** |
| **Wearing Apparel** | | | |
| **Lady's wardrobe: Location: 5412 Alexandria Lane, Carpentersville IL 60110** | **11 U.S.C. § 522(d)(3)** | **750.00** | **750.00** |
| **Furs and Jewelry** | | | |
| **Diamond wedding set: Location: 5412 Alexandria Lane, Carpentersville IL 60110** | **11 U.S.C. § 522(d)(4)** | **1,200.00** | **1,200.00** |

___2___  continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6C (Official Form 6C) (4/10) -- Cont.

In re  **Barbara K. RIFKEN**                              , Case No.  **12-B-45634**
                                    Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Two-tone Lady Rolex** **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | 11 U.S.C. § 522(d)(4) 11 U.S.C. § 522(d)(3) | 250.00 1,850.00 | 2,100.00 |
| Firearms and Sports, Photographic and Other Hobby Equipment | | | |
| **Easel & canvasses** **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | 11 U.S.C. § 522(d)(3) | 250.00 | 250.00 |
| Interests in Insurance Policies | | | |
| **$ 200 K Term life insurance with Colonial Life** **PO Box 1365** **Columbia, SC 29202** | 11 U.S.C. § 522(d)(5) | 0.00 | 0.00 |
| **Term Life Insurance (About $120 K) with:** **Prudential Insurance CO. of America** **751 Broad Street** **Newark, NJ 07102** | 11 U.S.C. § 522(d)(5) | 0.00 | 0.00 |
| Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans | | | |
| **457 Deferred Compensation ($ 63.7 K deferred)** **Plan ICMA** **(valued based upon unpaid tax liability)** **777 N. Capitol Street, NE** **Washington, D.C. 20002** | 11 U.S.C. § 522(d)(10)(E) | 50,993.00 | 50,993.00 |
| **State University Retirement System** **Retirement Plan** **1901 Fox Drive** **Champaign, IL 61820** | 11 U.S.C. § 522(d)(12) | 350.00 | 350.00 |
| **Illinois Retirement Municipal Fund** **2211 York Road, Ste. 500** **Oak Brook, IL 60523** | 11 U.S.C. § 522(d)(12) | Unknown | Unknown |
| Other Liquidated Debts Owing Debtor Including Tax Refund | | | |
| **Anticipated 2010 federal tax refund (In debtor)** **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | 11 U.S.C. § 522(d)(5) | 4,260.00 | 4,260.00 |
| Other Contingent and Unliquidated Claims of Every Nature | | | |
| **Potential claim against Michelle Rifken and Joel Rifken** **based upon dissipation of marital assets** **(In Debtor)** **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | 11 U.S.C. § 522(d)(10)(D) | Unknown | Unknown |
| Automobiles, Trucks, Trailers, and Other Vehicles | | | |
| **2004 Hyundai, About 132 K miles with** **deferred maintenance (needs brakes,** **windshield,** **body restoration, etc.)** **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | 11 U.S.C. § 522(d)(2) | 2,200.00 | 2,200.00 |

Sheet  **1**  of  **2**  continuation sheets attached to the Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/10) -- Cont.

In re   **Barbara K. RIFKEN**                                              ,   Case No.   **12-B-45634**
                                         Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Office Equipment, Furnishings and Supplies** | | | |
| **Personal laptop** | **11 U.S.C. § 522(d)(3)** | **250.00** | **250.00** |
| **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | | | |
| | | | |
| **Animals** | | | |
| **Spade collie mix female dog, 10 yrs.** | **11 U.S.C. § 522(d)(3)** | **50.00** | **50.00** |
| **Location: 5412 Alexandria Lane, Carpentersville IL 60110** | | | |
| | | | |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| **Escrow account with first mortgage lender:** | **11 U.S.C. § 522(d)(5)** | **0.00** | **3,155.00** |
| **Chase Home Finance** | | | |
| **PO Box 24696** | | | |
| **Columbus, OH 43224** | | | |

Total:     **63,958.00**     **67,113.00**

Sheet   **2**   of   **2**   continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **Barbara K. RIFKEN**                                          Case No. __**12-B-45634**__
                                                    ,
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | | |
| Account No. **xxxx-1216**<br><br>**Chase**<br>**Attn: MS OH4-7302**<br>**PO Box 24696**<br>**Columbus, OH 43224** | | | - | | **First Mortgage Terms For Set off To Protect Lender's Position**<br>**Escrow account with first mortgage lender:**<br>**Chase Home Finance**<br>**PO Box 24696**<br>**Columbus, OH 43224** | | | | | |
| | | | | | Value $            **3,155.00** | | | | **5,380.21** | **2,225.21** |
| Account No. **xxxx-1216**<br><br>**Chase Home Finance**<br>**Attn: Bankruptcy**<br>**3415 Vision Dr.**<br>**Columbus, OH 43219** | | | - | | **First Mortgage**<br>**Homestead exhibiting substantial deferred maintenance resulting from hospice care and divorce**<br><br>**Commonly known as:**<br>**5412 Alexandria Lane, Carpentersville IL 60110** | | | | | |
| | | | | | Value $          **170,000.00** | | | | **116,266.00** | **0.00** |
| Account No. **xxxx-2998**<br><br>**TCF National Bank**<br>**Attn: Bankruptcy**<br>**101 E. 5th Street, Ste. 101**<br>**Saint Paul, MN 55101** | | | - | | **Second Mortgage**<br>**Homestead exhibiting substantial deferred maintenance resulting from hospice care and divorce**<br><br>**Commonly known as:**<br>**5412 Alexandria Lane, Carpentersville IL 60110** | | | | | |
| | | | | | Value $          **170,000.00** | | | | **116,070.00** | **62,336.00** |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

__0__ continuation sheets attached

| | Subtotal<br>(Total of this page) | **237,716.21** | **64,561.21** |
|---|---|---|---|
| | Total<br>(Report on Summary of Schedules) | **237,716.21** | **64,561.21** |

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                Best Case Bankruptcy

B6E (Official Form 6E) (4/10)

.

In re    **Barbara K. RIFKEN**                                                                    Case No.    **12-B-45634**
                                                                    ,
                                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

■ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**2**____ continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re    **Barbara K. RIFKEN**                                                          ,    Case No.    **12-B-45634**
                                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Domestic Support Obligations**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | | |
| Account No. **xxxx-P 588** <br><br> **Joel Rifken** <br> **C/O Michelle Rifken** <br> **5027 Beaumont Avenue** <br> **Philadelphia, PA 19143** | - | | | **Temporary Maintenance arrears** | | | | **2,000.00** | **0.00** | **2,000.00** |
| Account No. | | | | | | | | | | |
| Account No. | | | | | | | | | | |
| Account No. | | | | | | | | | | |
| Account No. | | | | | | | | | | |

| | | | | |
|---|---|---|---|---|
| Sheet **1** of **2** continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims | Subtotal (Total of this page) | **2,000.00** | **0.00** <br> **2,000.00** | |

B6E (Official Form 6E) (4/10) - Cont.

In re      **Barbara K. RIFKEN** _____,      Case No.  **12-B-45634** _____

_____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | AMOUNT ENTITLED TO PRIORITY |
| Account No. **xxxx-2768** <br><br> **Illinois Dept. of Revenue** <br> **Attn: Bankruptcy** <br> **Springfield, IL 62726-0001** | X | - | **Personal Income Tax Liability** | | | | **Unknown** <br><br> **Unknown** | **Unknown** <br><br> **0.00** |
| Account No. **xxxx-2768** <br><br> **IRS** <br> **PO Box 24017** <br> **Fresno, CA 93779-9888** | X | - | **Personal Income Tax Liability** | | | | **Unknown** <br><br> **Unknown** | **Unknown** <br><br> **0.00** |
| Account No. **xxxx-6-009** <br><br> **Kane County Treasurer** <br> **Attn: Bankruptcy** <br> **719 S. Batavia Ave.** <br> **Geneva, IL 60134** | X | - | **Dec. 2011** <br> **Homestead exhibiting substantial deferred maintenance resulting from hospice care and divorce** <br> **-** <br> **Commonly known as:** <br> **5412 Alexandria Lane, Carpentersville IL 60110** | | | | **5,380.21** <br><br> **5,380.21** | **5,380.21** <br><br> **0.00** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet __**2**__ of __**2**__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal <br> (Total of this page) | **5,380.21** <br> **5,380.21** | **5,380.21** <br> **0.00** |
| Total <br> (Report on Summary of Schedules) | **5,380.21** <br> **7,380.21** | **2,000.00** |

B6F (Official Form 6F) (12/07)

In re __Barbara K. RIFKEN_____,  Case No. __12-B-45634_____

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | |
| Account No. xxxx-xxxx<br><br>A-tec Ambulance Inc<br>Attn: Bankruptcy<br>PO box 457<br>Wheeling, IL 60090 | X | H | | | Potential Marital Debt | X | | X | Unknown |
| Account No. xxxx-xxxx<br><br>Alexian Brothers Behavioral Center<br>Attn: Bankruptcy<br>21272 Network Place<br>Chicago, IL 60673 | X | H | | | Potential Marital Debt | X | | X | Unknown |
| Account No. xxxx-4007<br><br>American Express<br>Attn: Bankruptcy<br>PO Box 981537<br>El Paso, TX 79998 | X | C | | | Credit card purchases | | | | 9,618.00 |
| Account No. xxxx-3014<br><br>Capital One<br>Attn: Insolvency/Bankruptcy Dept.<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | X | H | | | Potential Marital Debt | X | | X | Unknown |
| | | | | | Subtotal<br>(Total of this page) | | | | 9,618.00 |

__8__ continuation sheets attached

B6F (Official Form 6F) (12/07) - Cont.

In re  **Barbara K. RIFKEN**                                                ,      Case No. ___**12-B-45634**___
_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx** <br><br> **Capital One Bank USA, NA** <br> **Attn: Insolvency/Bankruptcy Dept.** <br> **PO Box 6492** <br> **Carol Stream, IL 60197-6492** | X | C | | | | | **10,179.00** |
| Account No. **xxxx-xxxx** <br><br> **Capital One Bank, USA, NA** <br> **Attn: Insolvency/Bankruptcy Dept.** <br> **PO Box 30281** <br> **Salt Lake City, UT 84130** | X | C | | | | | **13,157.00** |
| Account No. **xxxx-3273** <br><br> **Chase/Bank One Card Services** <br> **Attn: Insolvency/Bankruptcy Dept.** <br> **PO Box 15298** <br> **Wilmington, DE 19850** | X | C | | | | | **11,340.00** |
| Account No. **xxxx-xxxx** <br><br> **Comcast Cable** <br> **Attn: Bankruptcy** <br> **2508 W. RTE. 120** <br> **McHenry, IL 60051** | X | H | Potential Marital Debt | X | | X | **Unknown** |
| Account No. **xxxx-5025** <br><br> **ComEd** <br> **Attn: Bankruptcy** <br> **PO Box 6111** <br> **Carol Stream, IL 60197** | X | - | Electric Service Utility | | | | **79.81** |

Sheet no. _**1**_ of _**8**_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    **34,755.81**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Barbara K. RIFKEN**                                              Case No.   **12-B-45634**
                                                            ,
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx** | | | Potential Marital Debt | | | | |
| Dentristry at the Wealshire Ira<br>Attn: Bankruptcy<br>241 Golf Mill Center suite 718<br>Niles, IL 60714 | X | H | | X | | X | Unknown |
| Account No. **xxxx-1187** | | | Potential Marital Debt | | | | |
| Direct TV<br>Attn: Bankruptcy<br>PO Box 78625<br>Phoenix, AZ 85062 | X | H | | X | | X | Unknown |
| Account No. **xxxx-P 588** | | | Subject to setoff. | | | | |
| Eileen Neugebauer<br>Attn: Bankruptcy<br>1000 Hart Rd 3rd floor<br>Barrington, IL 60010 | | C | | X | | X | 1,570.35 |
| Account No. **xxxx-xxxx** | | | Potential Marital Debt | | | | |
| Enloe Drugs LLC Omnicare of IL & IA<br>Attn: Bankruptcy<br>796 N Sunnyside Rd<br>Decatur, IL 62522 | X | H | | X | | X | 445.68 |
| Account No. **xxxx-2697** | | | Potential Marital Debt | | | | |
| Germbusters<br>Attn: Bankruptcy<br>75 Remittance Drive Ste 6524<br>Chicago, IL 60675 | X | H | | X | | X | 10.00 |

Sheet no. __2__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                    2,026.03

B6F (Official Form 6F) (12/07) - Cont.

In re   **Barbara K. RIFKEN** ,                                    Case No.   **12-B-45634**
                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx** | | | **Potential Marital Debt** | | | | |
| **Hochstadter, et al., Oral Surgeons** Attn: Bankruptcy 600 W Lake Cook Rd suite 101 Buffalo Grove, IL 60089 | X | H | | X | | X | **Unknown** |
| Account No. **xxxx-xxxx** | | | **Potential Marital Debt** | | | | |
| **Home Care Plus, Inc.** Attn: Bankruptcy 6337 N Pulaski Rd Chicago, IL 60646 | X | H | | X | | X | **Unknown** |
| Account No. **xxxx-P 588** | | | **Subject to setoff.** | | | | |
| **Joel Rifken** C/O Michelle Rifken 5027 Beaumont Avenue Philadelphia, PA 19143 | X | - | | X | | X | **Unknown** |
| Account No. **xxxx-P 588** | | | **Potential Marital Debt** **Subject to setoff.** | | | | |
| **John E. Juergensmeyer** Attn: Bankruptcy 1275 Davis Road, Ste. 131 Elgin, IL 60123 | X | H | | | | X | **6,253.76** |
| Account No. **xxxx-xxxx** | | | **Potential Marital Debt** | | | | |
| **Life Storage** Attn: Bankruptcy 2253 Randall Road Carpentersville, IL 60110 | X | H | | X | | X | **Unknown** |

Sheet no. __3__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**6,253.76**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Barbara K. RIFKEN**                                    ,    Case No. __**12-B-45634**__
                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx** | | | | | | | |
| Lifetime Fitness Attn: Bankruptcy 451 Rolls Drive Algonquin, IL 60102 | X | - | | | | | 67.00 |
| Account No. **xxxx-P 588** | | | Subject to setoff. | | | | |
| Linda M. Strohschein Attn: Bankruptcy 2455 Dean St Suite G Saint Charles, IL 60175 | X | C | | X | | X | Unknown |
| Account No. **xxxx-xxxx** | | | Potential Marital Debt | | | | |
| Luise A Warren Attn: Bankruptcy 2450 Charismatic Lane Montgomery, IL 60538 | X | H | | X | | X | Unknown |
| Account No. **xxxx-P 588** | | | Subject to setoff. | | | | |
| Manassa and Neugebauer PC Attn: Bankruptcy 1000 Hart Rd 3rd floor Barrington, IL 60010 | | C | | X | | X | Unknown |
| Account No. **xxxx-xxxx** | | | Potential Marital Debt | | | | |
| Med. Recov. Spec'lsts, LLC, For Superior Air-Ground Service 2250 E Devon Ave Ste 352 Des Plaines, IL 60018 | X | H | | X | | X | Unknown |

Sheet no. __4__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                          67.00

B6F (Official Form 6F) (12/07) - Cont.

In re  **Barbara K. RIFKEN**                                    ,        Case No. ___**12-B-45634**___
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx** | | | Potential Marital Debt | | | | |
| **Morrie Katz** **Attn: Bankruptcy** **150 Jamestown Lane** **Lincolnshire, IL 60069** | X | H | | X | | X | 125.00 |
| Account No. **xxxx-xxxx** | | | Potential Marital Debt | | | | |
| **Neo Path** **Attn: Bankruptcy** **1555 Barrington Rd** **Hoffman Estates, IL 60169** | X | H | | X | | X | Unknown |
| Account No. **xxxx-xxxx** | | | Potential Marital Debt | | | | |
| **Neurology Associates** **Attn: Bankruptcy** **3400 Spruce Street** **Philadelphia, PA 19104** | X | H | | X | | X | Unknown |
| Account No. **xxxx-xxxx/xxxx-7055** | | | Potential Marital Debt | | | | |
| **Nicor Gas** **Attn: Bankruptcy** **PO Box 0632** **Aurora, IL 60507** | X | H | | X | | X | Unknown |
| Account No. **xxxx-xxxx** | | | Potential Marital Debt | | | | |
| **Northwest Neurology** **Attn: Bankruptcy** **22285 North Pepper Road** **Barrington, IL 60010** | X | H | | X | | X | Unknown |

Sheet no. __**5**__ of __**8**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

125.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Barbara K. RIFKEN**                                        ,    Case No.    **12-B-45634**
                                      Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx** <br><br> **Omnicare of Northern Illinois** <br> **Attn: Bankruptcy** <br> **2313 S. Mt. Prospect Rd** <br> **Des Plaines, IL 60018** | X | H | | Potential Marital Debt | X | | | **87.22** |
| Account No. **xxxx-xxxx** <br><br> **Patrick M Kinally, et al., PC** <br> **Patrick M Kinally** <br> **2114 Deerpath Rd** <br> **Aurora, IL 60506** | X | H | | Potential Marital Debt | X | | X | **Unknown** |
| Account No. **xxx-xxxx** <br><br> **Penn Care At Home** <br> **Attn: Bankruptcy** <br> **150 Monument Road Suite 300** <br> **Bala Cynwyd, PA 19004** | X | H | | Potential Marital Debt | X | | X | **Unknown** |
| Account No. **xxxx-xxxx** <br><br> **Penn. Cardiology Associates, Ltd.** <br> **Attn: Bankruptcy** <br> **Farm Journal Building 3rd floor** <br> **Philadelphia, PA 19106** | X | H | | Potential Marital Debt | X | | X | **Unknown** |
| Account No. **xxxx-xxxx** <br><br> **Presbyterian Medical Center** <br> **Attn: Bankruptcy** <br> **51 North 39th Street** <br> **Philadelphia, PA 19104** | X | H | | Potential Marital Debt | X | | X | **Unknown** |

Sheet no. __6__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**87.22**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Barbara K. RIFKEN**                                          ,        Case No.   **12-B-45634**
                                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx**<br><br>**PRM Clin Prac Univ of PA**<br>**Attn: Bankruptcy**<br>**3400 Spruce Street**<br>**Philadelphia, PA 19104** | X | H | Potential Marital Debt | X | | X | **Unknown** |
| Account No. **xxxx-P588**<br><br>**Scott Larson**<br>**Attn: Bankruptcy**<br>**1250 Larkin Drive**<br>**Elgin, IL 60123** | | H | Subject to setoff. | X | | X | **Unknown** |
| Account No. **xxxx-xxxx**<br><br>**Sherman Hospital**<br>**Attn: Bankruptcy**<br>**1425 North Randall Road**<br>**Elgin, IL 60123** | X | H | Potential Marital Debt | X | | X | **Unknown** |
| Account No. **xxxx-xxxx**<br><br>**St Alexius Medical Center**<br>**Attn: Bankruptcy**<br>**22589 Network Place**<br>**Chicago, IL 60673** | X | H | Potential Marital Debt | X | | X | **Unknown** |
| Account No. **xxxx-P 588**<br><br>**Steven J. Brody**<br>**Attn: Bankruptcy**<br>**15 W. Woodstock Street**<br>**Crystal Lake, IL 60014** | | C | Subject to setoff. | X | | X | **Unknown** |

Sheet no. __7__ of __8__ sheets attached to Schedule of                          Subtotal
Creditors Holding Unsecured Nonpriority Claims                          (Total of this page)                          **0.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Barbara K. RIFKEN**                                              ,    Case No.    **12-B-45634**
_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W J C | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx1323** <br><br> **T-Mobile** <br> **Attn: Insolvency/Bankruptcy Dept.** <br> **PO Box 742596** <br> **Cincinnati, OH 45274-2596** | | W | | | | | | **78.02** |
| Account No. **xxxx-xxxx** <br><br> **T. Michael Barrett** <br> **12215 W. Bluemound Rd.** <br> **Wauwatosa, WI 53226-3817** | | C | | Personal obligation | | | | **Unknown** |
| Account No. **xxxx-xxxx** <br><br> **The Wealshire** <br> **Attn: Bankruptcy** <br> **150 Jamestown Ln** <br> **Lincolnshire, IL 60069** | X | H | | Potential Marital Debt | X | | X | **Unknown** |
| Account No. **xxxx-xxxx** <br><br> **University of Penn. Geriatrics** <br> **Attn: Bankruptcy** <br> **3615 Chestnut Street** <br> **Philadelphia, PA 19104** | X | H | | Potential Marital Debt | X | | X | **Unknown** |
| Account No. **xxxx-3242** <br><br> **Wells Fargo Card Services** <br> **PO Box 10347** <br> **Des Moines, IA 50306** | X | C | | Credit card purchases | | | | **9,989.81** |

Sheet no. __8___ of __8___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)       **10,067.83**

Total
(Report on Summary of Schedules)       **63,000.65**

B6G (Official Form 6G) (12/07)

.

In re   **Barbara K. RIFKEN**                                    ,     Case No.   **12-B-45634**

Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature
of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and
complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Kumon**<br>**649 S. Rte. 31**<br>**Dundee, IL 60118** | **Contract with school for Debtor's daughter.** |
| **T-Mobile**<br>**Attn: Insolvency/Bankruptcy Dept.**<br>**PO Box 790047**<br>**Saint Louis, MO 63179-0047** | **Cellular phone service contract.** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re   **Barbara K. RIFKEN**                                                    ,        Case No.    **12-B-45634**

Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **A-tec Ambulance Inc**<br>**Attn: Bankruptcy**<br>**PO box 457**<br>**Wheeling, IL 60090** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Alexian Brothers Behavioral Center**<br>**Attn: Bankruptcy**<br>**21272 Network Place**<br>**Chicago, IL 60673** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **American Express**<br>**Attn: Bankruptcy**<br>**PO Box 981537**<br>**El Paso, TX 79998** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Capital One**<br>**Attn: Insolvency/Bankruptcy Dept.**<br>**PO Box 30285**<br>**Salt Lake City, UT 84130-0285** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Capital One Bank USA, NA**<br>**Attn: Insolvency/Bankruptcy Dept.**<br>**PO Box 6492**<br>**Carol Stream, IL 60197-6492** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Capital One Bank, USA, NA**<br>**Attn: Insolvency/Bankruptcy Dept.**<br>**PO Box 30281**<br>**Salt Lake City, UT 84130** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Chase/Bank One Card Services**<br>**Attn: Insolvency/Bankruptcy Dept.**<br>**PO Box 15298**<br>**Wilmington, DE 19850** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Comcast Cable**<br>**Attn: Bankruptcy**<br>**2508 W. RTE. 120**<br>**McHenry, IL 60051** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Dentristry at the Wealshire Ira**<br>**Attn: Bankruptcy**<br>**241 Golf Mill Center suite 718**<br>**Niles, IL 60714** |

**4**

____  continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

In re   **Barbara K. RIFKEN**                                    Case No.   **12-B-45634**
_____,
                        Debtor

# SCHEDULE H - CODEBTORS
### (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Direct TV**<br>**Attn: Bankruptcy**<br>**PO Box 78625**<br>**Phoenix, AZ 85062** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Enloe Drugs LLC Omnicare of IL & IA**<br>**Attn: Bankruptcy**<br>**796 N Sunnyside Rd**<br>**Decatur, IL 62522** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Germbusters**<br>**Attn: Bankruptcy**<br>**75 Remittance Drive Ste 6524**<br>**Chicago, IL 60675** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Hochstadter, et al., Oral Surgeons**<br>**Attn: Bankruptcy**<br>**600 W Lake Cook Rd suite 101**<br>**Buffalo Grove, IL 60089** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Illinois Dept. of Revenue**<br>**Attn: Bankruptcy**<br>**Springfield, IL 62726-0001** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **IRS**<br>**PO Box 24017**<br>**Fresno, CA 93779-9888** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **John E. Juergensmeyer**<br>**Attn: Bankruptcy**<br>**1275 Davis Road, Ste. 131**<br>**Elgin, IL 60123** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Kane County Treasurer**<br>**Attn: Bankruptcy**<br>**719 S. Batavia Ave.**<br>**Geneva, IL 60134** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Life Storage**<br>**Attn: Bankruptcy**<br>**2253 Randall Road**<br>**Carpentersville, IL 60110** |

Sheet   **1**   of   **4**   continuation sheets attached to the Schedule of Codebtors

In re    **Barbara K. RIFKEN** _____ ,    Case No.    **12-B-45634** _____

Debtor

# SCHEDULE H - CODEBTORS
### (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Lifetime Fitness**<br>**Attn: Bankruptcy**<br>**451 Rolls Drive**<br>**Algonquin, IL 60102** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Linda M. Strohschein**<br>**Attn: Bankruptcy**<br>**2455 Dean St Suite G**<br>**Saint Charles, IL 60175** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Luise A Warren**<br>**Attn: Bankruptcy**<br>**2450 Charismatic Lane**<br>**Montgomery, IL 60538** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Med. Recov. Spec'lsts, LLC,**<br>**For Superior Air-Ground Service**<br>**2250 E Devon Ave Ste 352**<br>**Des Plaines, IL 60018** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Morrie Katz**<br>**Attn: Bankruptcy**<br>**150 Jamestown Lane**<br>**Lincolnshire, IL 60069** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Neo Path**<br>**Attn: Bankruptcy**<br>**1555 Barrington Rd**<br>**Hoffman Estates, IL 60169** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Neurology Associates**<br>**Attn: Bankruptcy**<br>**3400 Spruce Street**<br>**Philadelphia, PA 19104** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Nicor Gas**<br>**Attn: Bankruptcy**<br>**PO Box 0632**<br>**Aurora, IL 60507** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Northwest Neurology**<br>**Attn: Bankruptcy**<br>**22285 North Pepper Road**<br>**Barrington, IL 60010** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Omnicare of Northern Illinois**<br>**Attn: Bankruptcy**<br>**2313 S. Mt. Prospect Rd**<br>**Des Plaines, IL 60018** |

Sheet __2__ of __4__ continuation sheets attached to the Schedule of Codebtors

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

In re   **Barbara K. RIFKEN**                             ,      Case No.   **12-B-45634**

Debtor

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Joel Rifken<br>C/O Michelle Rifken<br>5027 Beaumont Avenue<br>Philadelphia, PA 19143 | Patrick M Kinally, et al., PC<br>Patrick M Kinally<br>2114 Deerpath Rd<br>Aurora, IL 60506 |
| Joel Rifken<br>C/O Michelle Rifken<br>5027 Beaumont Avenue<br>Philadelphia, PA 19143 | Penn Care At Home<br>Attn: Bankruptcy<br>150 Monument Road Suite 300<br>Bala Cynwyd, PA 19004 |
| Joel Rifken<br>C/O Michelle Rifken<br>5027 Beaumont Avenue<br>Philadelphia, PA 19143 | Penn. Cardiology Associates, Ltd.<br>Attn: Bankruptcy<br>Farm Journal Building 3rd floor<br>Philadelphia, PA 19106 |
| Joel Rifken<br>C/O Michelle Rifken<br>5027 Beaumont Avenue<br>Philadelphia, PA 19143 | Presbyterian Medical Center<br>Attn: Bankruptcy<br>51 North 39th Street<br>Philadelphia, PA 19104 |
| Joel Rifken<br>C/O Michelle Rifken<br>5027 Beaumont Avenue<br>Philadelphia, PA 19143 | PRM Clin Prac Univ of PA<br>Attn: Bankruptcy<br>3400 Spruce Street<br>Philadelphia, PA 19104 |
| Joel Rifken<br>C/O Michelle Rifken<br>5027 Beaumont Avenue<br>Philadelphia, PA 19143 | Sherman Hospital<br>Attn: Bankruptcy<br>1425 North Randall Road<br>Elgin, IL 60123 |
| Joel Rifken<br>C/O Michelle Rifken<br>5027 Beaumont Avenue<br>Philadelphia, PA 19143 | St Alexius Medical Center<br>Attn: Bankruptcy<br>22589 Network Place<br>Chicago, IL 60673 |
| Joel Rifken<br>C/O Michelle Rifken<br>5027 Beaumont Avenue<br>Philadelphia, PA 19143 | The Wealshire<br>Attn: Bankruptcy<br>150 Jamestown Ln<br>Lincolnshire, IL 60069 |
| Joel Rifken<br>C/O Michelle Rifken<br>5027 Beaumont Avenue<br>Philadelphia, PA 19143 | University of Penn. Geriatrics<br>Attn: Bankruptcy<br>3615 Chestnut Street<br>Philadelphia, PA 19104 |
| Joel Rifken<br>C/O Michelle Rifken<br>5027 Beaumont Avenue<br>Philadelphia, PA 19143 | Wells Fargo Card Services<br>PO Box 10347<br>Des Moines, IA 50306 |

Sheet  **3**  of  **4**  continuation sheets attached to the Schedule of Codebtors

In re     **Barbara K. RIFKEN**                                          ,     Case No.    **12-B-45634**
                                              Debtor

## SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **ComEd**<br>**Attn: Bankruptcy**<br>**PO Box 6111**<br>**Carol Stream, IL 60197** |
| **Joel Rifken**<br>**C/O Michelle Rifken**<br>**5027 Beaumont Avenue**<br>**Philadelphia, PA 19143** | **Home Care Plus, Inc.**<br>**Attn: Bankruptcy**<br>**6337 N Pulaski Rd**<br>**Chicago, IL 60646** |

Sheet __4__ of __4__ continuation sheets attached to the Schedule of Codebtors

B6I (Official Form 6I) (12/07)

In re  **Barbara K. RIFKEN**                                                                Case No.   **12-B-45634**
_____
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):  **Daughter** | AGE(S):  **9** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Project Development Professional** | |
| Name of Employer | **Village of Palatine** | |
| How long employed | **11.5 yrs.** | |
| Address of Employer | **200 E. Wood Street**<br>**Palatine, IL 60067** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **6,960.00** | $ | **0.00** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **0.00** |
| 3. SUBTOTAL | $ | **6,960.00** | $ | **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | **1,635.00** | $ | **0.00** |
|    b. Insurance | $ | **283.00** | $ | **0.00** |
|    c. Union dues | $ | **0.00** | $ | **0.00** |
|    d. Other (Specify)   **See Detailed Income Attachment** | $ | **549.80** | $ | **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **2,467.80** | $ | **0.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **4,492.20** | $ | **0.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **0.00** |
| 8. Income from real property | $ | **0.00** | $ | **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ | **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **0.00** |
| 11. Social security or government assistance | | | | |
| (Specify): _____ | $ | **0.00** | $ | **0.00** |
|  | $ | **0.00** | $ | **0.00** |
| 12. Pension or retirement income | $ | **0.00** | $ | **0.00** |
| 13. Other monthly income | | | | |
| (Specify):  **Dependent Child Social Security Benefit Receipt** | $ | **1,024.00** | $ | **0.00** |
|  | $ | **0.00** | $ | **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **1,024.00** | $ | **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **5,516.20** | $ | **0.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | | | **5,516.20** |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6I (Official Form 6I) (12/07)

In re   **Barbara K. RIFKEN**                                                      Case No.   **12-B-45634**
_____
Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Detailed Income Attachment

**Other Payroll Deductions:**

| | | |
|---|---|---|
| **Mandatory IL Mun. Retirement Fund** | $ **322.00** | $ **0.00** |
| **Mandatory ICMA 407 Def. Comp. Plan** | $ **208.80** | $ **0.00** |
| **Mandatory Group Life Ins.** | $ **19.00** | $ **0.00** |
| **Total Other Payroll Deductions** | $ **549.80** | $ **0.00** |

B6J (Official Form 6J) (12/07)

In re **Barbara K. RIFKEN** _____   Case No. **12-B-45634**
_____
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,933.46 |
| a. Are real estate taxes included?    Yes **X**    No ___ | | |
| b. Is property insurance included?    Yes **X**    No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 224.00 |
| b. Water and sewer | $ | 48.00 |
| c. Telephone | $ | 78.00 |
| d. Other  **Trash pick-up** | $ | 11.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 110.00 |
| 4. Food | $ | 607.00 |
| 5. Clothing | $ | 300.00 |
| 6. Laundry and dry cleaning | $ | 70.00 |
| 7. Medical and dental expenses | $ | 567.00 |
| 8. Transportation (not including car payments) | $ | 640.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 120.00 |
| 10. Charitable contributions | $ | 160.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 97.50 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 71.00 |
| e. Other  **Aetna Life Ins. on Spouse** | $ | 217.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other | $ | 0.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 2,000.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other  **See Detailed Expense Attachment** | $ | 1,393.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)    $    **8,646.96**

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

**Will seek a permanent reduction in spousal maintenance, and will fund her Plan with money gifts, and withholding adjustments/refunds.**

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.    Average monthly income from Line 15 of Schedule I | $ | 5,516.20 |
| b.    Average monthly expenses from Line 18 above | $ | 8,646.96 |
| c.    Monthly net income (a. minus b.) | $ | -3,130.76 |

B6J (Official Form 6J) (12/07)

In re  **Barbara K. RIFKEN**                                                                 Case No.  **12-B-45634**

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Expenditures:**

| | | |
|---|---|---:|
| Homeowner Assn. Fee | $ | 19.00 |
| Kinder Care Day Care | $ | 955.00 |
| Grooming | $ | 55.00 |
| Daughter school expenses - not elsewhere | $ | 334.00 |
| Dog food & misc. | $ | 30.00 |
| **Total Other Expenditures** | $ | **1,393.00** |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Barbara K. RIFKEN**
_____
                                                    Debtor(s)

Case No.  **12-B-45634**
Chapter  **13**


# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR


I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___**34**___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date  **December  3, 2012**
_____

Signature   **/s/ Barbara K. RIFKEN**
_____
            **Barbara K. RIFKEN**
            Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Barbara K. RIFKEN**                                     Case No.  **12-B-45634**

_____                          Chapter  **13**
Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$67,942.71** | **2012 Y-T-D Gross Wage Income** |
| **$74,688.00** | **2011 1040 Gross Wage Income** |
| **$76,742.00** | **2010 1040 Gross Wage Income** |

---

### 2. Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$204.00** | **2012 - 2011 Federal refund rec'd in 2012** |

2

| AMOUNT | SOURCE |
|---|---|
| $641.00 | 2012 - 2011 State refund rec'd in 2012 |
| $492.50 | 2011 - 2010 State tax  refund rec'd in 2011 (50% of 985.00) |
| $320.50 | 2010 - 2009 State Tax refund rec'd in 2010 (50% share of 641.00) |

**3. Payments to creditors**

None ☐

*Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Chase Home Finance<br>Attn: Bankruptcy<br>3415 Vision Dr.<br>Columbus, OH 43219 | 8/1/2012 (1461.00), 9/1/2012, 10/1/2012, 11/1/2012 | $4,383.00 | $116,266.00 |
| TCF National Bank<br>Attn: Bankruptcy<br>101 E. 5th Street, Ste. 101<br>Saint Paul, MN 55101 | 8/15/2012 (472.00), 9/15/2012, 10/15/2012, 11/15/2012 | $1,416.00 | $116,400.00 |
| *Joel Rifken<br>C/O Michelle Rifken<br>5027 Beaumont Avenue<br>Philadelphia, PA 19143 | 8/21/2012 (2040.00), 10/4/2012 (2040.00), 10/19/2012 (2467.00) | $6,547.00 | $2,000.00 |
| Inverness Dental Care<br>Attn: Bankruptcy<br>1644 West Colonial Parkway<br>Palatine, IL 60067 | 8/25/2012 (100.00), 9/08/2012 (200.00), 10/2/2012 (501.00) | $801.00 | $0.00 |
| John E. Juergensmeyer<br>Attn: Bankruptcy<br>1275 Davis Road, Ste. 131<br>Elgin, IL 60123 | 10/19/12, 11/2/12, 11/16/12 | $1,378.53 | $6,253.76 |

None ■

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Joel Rifken**<br><br>**Estranged spouse in pending divorce.** | **See above 3(a), -- support payments** | **$0.00** | **$0.00** |

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **In re the Marriage of Barbara Rifken and Joel Rifken, No. 2011 D 1574** | **Divorce case.** | **Illinois Circuit Court, Kane County, Illinois.** | **In pretrial proceedings.** |
| **In re the Estate of Joel Rifken, a disabled person, No. 11 P 588.** | **Petition for guardianship of a disabled person, in probate division, with an ancilliary garnishment for GAL fees.** | **Probate Division of Circuit Court for 16th Circuit, Illinois, in Kane County.** | **Long term limited guardianship case consolidated with pending divorce, with GAL fees in garnishment against Debtor.** |

None
☐

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **John E. Juergensmeyer**<br>**Attn: Bankruptcy**<br>**1275 Davis Road, Ste. 131**<br>**Elgin, IL 60123** | **10/19/12, 11/2/12, 11/16/12** | **$ 1,378.53 in wages garnished so far by creditor.** |

---

**5.  Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6.  Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
☐
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Amvets**<br>**2122 W. Taylor**<br>**Chicago, IL 60612** | **None.** | **10/12/11** | **$ 245.00 in clothing and household goods.** |
| **Women In Need Grow. Stronger**<br>**NW Highway**<br>**Palatine, IL 60074** | **None.** | **10/21/11** | **$ 245.00 in sporting goods.** |
| **Goodwill Industries**<br>**Rand Road**<br>**Carpentersville, IL 60110** | **None.** | **11/2/11** | **$ 245.00 in books, tapes and toys.** |

**8. Losses**

None
■
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **DebtorWise Foundation**<br>**14 Austin Park, Suite 100**<br>**Pittsford, NY 14534** | **Oct. 12, 2012** | **$ 25.00 for pre-filing course.** |

**10. Other transfers**

None ☐   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Harry Wait**<br>**510 14th Avenue**<br>**Union Grove, WI 53182**<br>   **None.** | **About May 25, 2012.** | **1994 BMW 325ic, > 190 K miles, rec'd $ 1650.00 cash.** |

None ■   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☐   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Chase - Palatine Branch**<br>**825 West Euclid Avenue**<br>**Palatine, IL 60067** | **Savings no. xxxx-1126, $ 10,191.00.** | **Oct. 22, 2011, withdrew the $ 10,191.00, closed account about Dec. 20, 2012.** |
| **Chase - Palatine Branch**<br>**825 West Euclid Avenue**<br>**Palatine, IL 60067** | **Checking no. xxxx-7453, $ 20.00.** | **Withdrew the $ 20.00 to close account about Dec. 15, 2011.** |
| **Harris Bank - Palatine**<br>**50 North Brockway Street**<br>**Palatine, IL 60067** | **Checking no. xxxx-1326, $ 141.97.** | **Withdrew about $ 30.97 after fees consumed balance about Sept. 21, 2012.** |
| **American Chartered Bank - Schaumburg Br.**<br>**1199 East Higgins Road**<br>**Schaumburg, IL 60173** | **Checking No. xxxx-4464, negative balance due to fines.** | **Closed about Oct. 11, 2012, bank absorbed fines upon closure.** |
| **Wells Fargo - Palatine**<br>**621 Dundee Road**<br>**Palatine, IL 60074** | **COMMSTKV  Investment IRA account no. xxxx-xxxx, 4934.41.** | **About 11/22/11, closed account for balance of 4934.41.** |
| **Wells Fargo - Palatine**<br>**621 Dundee Road**<br>**Palatine, IL 60074** | **LGPCAPCORV IRA Acct. no. xxxx-xxxx, $ 3067.13.** | **Closed about 11/22/11 by withdrawing the 3067.13.** |

**12.  Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| **Sarah Rifken**<br>**5412 Alexandria Lane**<br>**Carpentersville, IL 60110** | **Dependent social security allowance, $ 1,063.00 monthly deposit, applied to monthly care and expenses.** | **TCF Bank - Palatine, 1589 Rand Road Branch,  Palatine, IL 60067.** |

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16.  Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17.  Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Barbara Rifken, Ptr.** | **xxxx-2768** | **5412 Alexandria Lane Palatine, IL 60067** | **Commercial portrait painting services.** | **January 2010 through December 2011.** |

None ■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ■ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

**NAME AND ADDRESS**                                                                 DATES SERVICES RENDERED

None
■       b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books
        of account and records, or prepared a financial statement of the debtor.

**NAME**                          **ADDRESS**                          DATES SERVICES RENDERED

None
☐       c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records
        of the debtor. If any of the books of account and records are not available, explain.

**NAME**                                                    **ADDRESS**

**Barbara Rifken, Debtor**

None
■       d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was
        issued by the debtor within **two years** immediately preceding the commencement of this case.

**NAME AND ADDRESS**                                        DATE ISSUED

---

**20. Inventories**

None
■       a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory,
        and the dollar amount and basis of each inventory.

**DATE OF INVENTORY**           **INVENTORY SUPERVISOR**           DOLLAR AMOUNT OF INVENTORY
                                                                  (Specify cost, market or other basis)

None
■       b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**DATE OF INVENTORY**                    **NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                         RECORDS**

---

**21 . Current Partners, Officers, Directors and Shareholders**

None
■       a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

**NAME AND ADDRESS**                     **NATURE OF INTEREST**           **PERCENTAGE OF INTEREST**

None
■       b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns,
        controls, or holds 5 percent or more of the voting or equity securities of the corporation.

**NAME AND ADDRESS**                     **TITLE**                 NATURE AND PERCENTAGE
                                                                  OF STOCK OWNERSHIP

---

**22 . Former partners, officers, directors and shareholders**

None
■       a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the
        commencement of this case.

**NAME**                          **ADDRESS**                          DATE OF WITHDRAWAL

None
■       b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year**
        immediately preceding the commencement of this case.

**NAME AND ADDRESS**                     **TITLE**                 DATE OF TERMINATION

9

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **December 3, 2012**　　　　　　　Signature  **/s/ Barbara K. RIFKEN**
　　　　　　　　　　　　　　　　　　　　　　　　　**Barbara K. RIFKEN**
　　　　　　　　　　　　　　　　　　　　　　　　　Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Barbara K. RIFKEN**
_____

Debtor(s)

Case No.  **12-B-45634**

Chapter  **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept ........................................... $ **3,500.00**

Prior to the filing of this statement I have received ......................... $ **0.00**

Balance Due ............................................................................ $ **3,500.00**

2.   The source of the compensation paid to me was:

■ Debtor      ☐ Other (specify):

3.   The source of compensation to be paid to me is:

■ Debtor      ☐ Other (specify):

4.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.   [Other provisions as needed]
   **Exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **December  3, 2012**
_____

**/s/ T. Michael Barrett**
_____
**T. Michael Barrett**
**T. Michael BARRETT**
**12215 W. Bluemound Road, Ste. A**
**Wauwatosa, WI 53226**
**(414) 302-1660  Fax: (414) 302-1660**
**hannauxyz@yahoo.com**

---

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

### RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
### CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Court-Approved Retention Agreement, revised as of March 15, 2011)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation.   It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy.  In this connection, the advice of an attorney is often crucial.  Debtors are entitled to certain services from by their attorneys, but debtors also have responsibilities to their attorneys.  In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

***BEFORE THE CASE IS FILED***

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later.  (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

**AFTER THE CASE IS FILED**

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

2

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly repre-sent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and com-pleteness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.

### *ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES*

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court.  For all of the services outlined above,  the attorney will be paid a fee of

$ _____ .

Prior to signing this agreement the attorney has received $ __0.00__, leaving a balance due of $ __3,500.00__. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

2. *Early termination of the case.* Fees payable under the provisions set out above are not refundable in the event that the case is dismissed, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

☐   Any retainer received by the attorney will be treated as an advance payment, allowing the attorney to take the retainer into income immediately. The reason for this treatment is the following:

_____

In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

4. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

5. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

6. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

Date: __12-03-2012__

Signed:

_Barbara R. Flue_ — _____

_____        Attorney for Debtor(s)

Debtor(s)
Do not sign if the fee amounts at top of this page are blank.

4

B22C (Official Form 22C) (Chapter 13) (12/10)

| In re | **Barbara K. RIFKEN** | | According to the calculations required by this statement: |
|---|---|---|---|
| | Debtor(s) | | ☐ **The applicable commitment period is 3 years.** |
| Case Number: | **12-B-45634** | | ■ **The applicable commitment period is 5 years.** |
| | (If known) | | ■ **Disposable income is determined under § 1325(b)(3).** |
| | | | ☐ **Disposable income is not determined under § 1325(b)(3).** |
| | | | (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | **Part I. REPORT OF INCOME** | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ■ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |

| | | Column A<br>Debtor's Income | Column B<br>Spouse's Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $    6,960.01 | $    0.00 |

| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | |
|---|---|---|---|

| | | Debtor | Spouse |
|---|---|---|---|
| a. | Gross receipts | $    0.00 | $    0.00 |
| b. | Ordinary and necessary business expenses | $    0.00 | $    0.00 |
| c. | Business income | Subtract Line b from Line a | |

(Line 3 Column A: $    0.00   Column B: $    0.00)

| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | |
|---|---|---|---|

| | | Debtor | Spouse |
|---|---|---|---|
| a. | Gross receipts | $    0.00 | $    0.00 |
| b. | Ordinary and necessary operating expenses | $    0.00 | $    0.00 |
| c. | Rent and other real property income | Subtract Line b from Line a | |

(Line 4 Column A: $    0.00   Column B: $    0.00)

| 5 | **Interest, dividends, and royalties.** | $    0.00 | $    0.00 |
|---|---|---|---|
| 6 | **Pension and retirement income.** | $    0.00 | $    0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $    0.00 | $    0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $    0.00   Spouse $    0.00 | $    0.00 | $    0.00 |

| | | | | |
|---|---|---|---|---|
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | |

| | | Debtor | Spouse | | |
|---|---|---|---|---|---|
| a. | **Incentive pay** | $ 41.67 | $ 0.00 | | |
| b. | | $ | $ | $ 41.67 | $ 0.00 |

| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $ 7,001.68 | $ 0.00 |
|---|---|---|---|

| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $ 7,001.68 |
|---|---|---|

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11 | $ 7,001.68 |
|---|---|---|

| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
|---|---|---|

| a. | | $ |
|---|---|---|
| b. | | $ |
| c. | | $ |

| Total and enter on Line 13 | $ 0.00 |
|---|---|

| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ 7,001.68 |
|---|---|---|

| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ 84,020.16 |
|---|---|---|

| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
|---|---|---|
| | a. Enter debtor's state of residence:     IL     b. Enter debtor's household size:     2 | $ 58,647.00 |

| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>■ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |
|---|---|---|

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $ 7,001.68 |
|---|---|---|

| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income(such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
|---|---|---|

| a. | | $ |
|---|---|---|
| b. | | $ |
| c. | | $ |

| Total and enter on Line 19. | $ 0.00 |
|---|---|

| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ 7,001.68 |
|---|---|---|

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | **84,020.16** |

| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | **58,647.00** |

| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** |

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ | **1,029.00** |

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | | |

| Persons under 65 years of age | | Persons 65 years of age or older | | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | **60** | a2. | Allowance per person | **144** |
| b1. | Number of persons | **2** | b2. | Number of persons | **0** |
| c1. | Subtotal | **120.00** | c2. | Subtotal | **0.00** |

(24B total) $ **120.00**

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ | **513.00** |

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.**  Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B.  **Do not enter an amount less than zero.** | | |

| a. | IRS Housing and Utilities Standards; mortgage/rent expense | $ | **1,660.00** |
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ | **1,913.20** |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ **0.00** |

| 26 | **Local Standards: housing and utilities; adjustment.**  If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ | **0.00** |

| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0    ■ 1    ☐ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation.  If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | **262.00** |
|---|---|---|---|

| 27B | **Local Standards: transportation; additional public transportation expense.**  If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | **0.00** |
|---|---|---|---|

| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.**  Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ■ 1    ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28.  **Do not enter an amount less than zero.** | | |
|---|---|---|---|

| | a. | IRS Transportation Standards, Ownership Costs | $ | **517.00** | | |
|---|---|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ | **0.00** | | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | | $ | **517.00** |

| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29.  **Do not enter an amount less than zero.** | | |
|---|---|---|---|

| | a. | IRS Transportation Standards, Ownership Costs | $ | **0.00** | | |
|---|---|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ | **0.00** | | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | | $ | **0.00** |

| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ | **1,635.00** |
|---|---|---|---|

| 31 | **Other Necessary Expenses: involuntary deductions for employment.**  Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs.  **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ | **549.80** |
|---|---|---|---|

| 32 | **Other Necessary Expenses: life insurance.**  Enter total average monthly premiums that you actually pay for term life insurance for yourself.  **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ | **19.00** |
|---|---|---|---|

| 33 | **Other Necessary Expenses: court-ordered payments.**  Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments.  **Do not include payments on past due obligations included in line 49.** | $ | **2,000.00** |
|---|---|---|---|

| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.**  Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ | **0.00** |
|---|---|---|---|

| 35 | **Other Necessary Expenses: childcare.**  Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool.  **Do not include other educational payments.** | $ | **955.00** |
|---|---|---|---|

B22C (Official Form 22C) (Chapter 13) (12/10)                                                    5

| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ | 447.00 |
|----|----|----|----|
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ | 0.00 |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ | 8,046.80 |

### Subpart B: Additional Living Expense Deductions
### Note: Do not include any expenses that you have listed in Lines 24-37

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |
|----|----|----|----|
| | a. Health Insurance | $ 283.00 | |
| | b. Disability Insurance | $ 0.00 | |
| | c. Health Savings Account | $ 0.00 | |
| | Total and enter on Line 39 | $ | 283.00 |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $ | | |
| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ | 0.00 |
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | 0.00 |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | 147.92 |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 35.00 |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ | 160.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ | 625.92 |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                           6

| | **Subpart C: Deductions for Debt Payment** | | | |
|---|---|---|---|---|
| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance |
|---|---|---|---|---|
| a. | Chase Home Finance | **Homestead exhibiting substantial deferred maintenance resulting from hospice care and divorce - Commonly known as: 5412 Alexandria Lane, Carpentersville IL 60110** | $  1,441.20 | ■yes □no |
| b. | TCF National Bank | **Homestead exhibiting substantial deferred maintenance resulting from hospice care and divorce - Commonly known as: 5412 Alexandria Lane, Carpentersville IL 60110** | $  472.00 | □yes ■no |
| | | | Total: Add Lines | $  1,913.20 |

| | | |
|---|---|---|
| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or that of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | -NONE- | | $ |
| | | Total: Add Lines | $  0.00 |

| | | |
|---|---|---|
| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $  33.33 |

| | Chapter 13 administrative expenses. Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | | |
|---|---|---|---|---|
| 50 | a. | Projected average monthly Chapter 13 plan payment. | $  0.00 | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x  6.00 | |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $  0.00 |

| | | |
|---|---|---|
| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $  1,946.53 |

| | **Subpart D: Total Deductions from Income** | |
|---|---|---|
| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $  10,619.25 |

| | **Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)** | |
|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $  7,001.68 |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $  0.00 |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                                7

| 55 | **Qualified retirement deductions.**  Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ | **0.00** |
|----|---|---|---|
| 56 | **Total of all deductions allowed under § 707(b)(2).**  Enter the amount from Line 52. | $ | **10,619.25** |

| 57 | **Deduction for special circumstances.**  If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57.  **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expense necessary and reasonable.** | | |
|----|---|---|---|

| | Nature of special circumstances | | Amount of Expense | |
|---|---|---|---|---|
| a. | | $ | | |
| b. | | $ | | |
| c. | | $ | | |
| | | Total:  Add Lines | $ | **0.00** |

| 58 | **Total adjustments to determine disposable income.**  Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ | **10,619.25** |
|----|---|---|---|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).**  Subtract Line 58 from Line 53 and enter the result. | $ | **-3,617.57** |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. | |
|----|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c and d | $ |

## Part VII. VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)*  Date:  __December 3, 2012__     Signature:  __/s/ Barbara K. RIFKEN__  Barbara K. RIFKEN  (Debtor) |
|----|---|

B22C (Official Form 22C) (Chapter 13) (12/10)                                                    8

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **05/01/2012** to **10/31/2012**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Employment with Vill. of Palatine**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | 05/2012 | $6,424.62 |
| 5 Months Ago: | 06/2012 | $9,636.96 |
| 4 Months Ago: | 07/2012 | $6,424.62 |
| 3 Months Ago: | 08/2012 | $6,424.61 |
| 2 Months Ago: | 09/2012 | $6,424.61 |
| Last Month: | 10/2012 | $6,424.62 |
| | Average per month: | $6,960.01 |

**Line 9 - Income from all other sources**
Source of Income: **Incentive pay**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | 05/2012 | $41.67 |
| 5 Months Ago: | 06/2012 | $41.67 |
| 4 Months Ago: | 07/2012 | $41.67 |
| 3 Months Ago: | 08/2012 | $41.67 |
| 2 Months Ago: | 09/2012 | $41.67 |
| Last Month: | 10/2012 | $41.67 |
| | Average per month: | $41.67 |